UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:24-CV-00371-FDW-DCK

| CHARLES MORRIS, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| NC EDUCATION LOTTERY, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(2) and 12(b)(6). (Doc. No. 5.) The Motion has been fully briefed and is ripe for review. For the reasons set forth below, Defendant's Motion to Dismiss, (Doc. No. 5), is **GRANTED**.

## BACKGROUND

On April 9, 2024, Plaintiff filed his *pro se* Complaint in this Court. (Doc. No. 1.) In his Complaint, Plaintiff asserts a claim under the Patent and Copyright Clause, Article I, Section 8, Clause 8 of the United States Constitution. (Doc. No. 1, p. 3.) Plaintiff claims his "integrity[,] livelihood[,] and internet profiles have been compromised after a math equation [he] posted via [his] Twitter/Instagram influenced the NC Lottery Companies to set each lottery amount (Mega Millions) (Powerball)." Id. at 4. Plaintiff asks the Court to "order payments of $141 [million] and $235 [million] so that [he] may incorporate [himself] and secure [his] family financially along with defending [himself] against mental illness claims." Id. at 5. Plaintiff alleges "[t]he 141 concept is a rare, 1 of 1, interdisciplinary but genuine & organic concept that has resonated with [him] since 2014 & one [he has] diligently been working on/towards since 2018." (Doc. No. 1-1,

1

p. 1.) He alleges the "141 concept" is "the foundation of who [he is] as an artist" and "it is miraculously printed on [his] birth certificate in the top right corner." (Id.) Further, Plaintiff claims he "discovered through a series of math equations that the number 141 coincides with the 90s Chicago Bulls Dynasty led by Michael Jordan." (Id.) Plaintiff does not include further allegations or facts.

Defendant filed its Motion to Dismiss and memorandum in support on May 9, 2024. (Doc. Nos. 5–6.) First, Defendant moves to dismiss Plaintiff's Complaint "[p]ursuant to [Rules] 12(b)(1) and/or 12(b)(2) . . . by reason of the Eleventh Amendment to the United States Constitution." (Doc. No. 5, p. 1.) Defendant argues Plaintiff's claims should be dismissed because: 1) they are brought against the state lottery, and North Carolina has not waived its sovereign immunity; and 2) Plaintiff's intellectual property suit against North Carolina is barred by the Eleventh Amendment.[1] (Doc. No. 6, pp. 3–5.) Second, Defendant moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). (Id., pp. 5–9.) Defendant argues Plaintiff did not plead sufficient facts to claim copyright or patent ownership, to maintain a suit for copyright infringement, and to have protection through a patent or trademark. (Id.) Finally, Defendant asks in the alternative, if Plaintiff's Complaint is not dismissed, that Plaintiff's proof of service be struck, based on Rule 12(b)(5). (Doc. No. 5, pp. 1–2.) Defendant does not address this argument further in his memorandum in support.

This Court entered a Roseboro Notice on May 14, 2024, notifying Plaintiff of his right to

---

[1] The Court notes while Defendant's Motion moves under both Rules 12(b)(1) and 12(b)(2), Defendant's brief in support argues lack of subject-matter jurisdiction rather than personal jurisdiction. "A motion to dismiss based on sovereign immunity is properly raised under Rule 12(b)(1) of the Federal Rules of Civil Procedure." Quinn v. N.C. Dep't of Health and Human Servs., No. 3:19-cv-00391-FDW-DCK, 2020 WL 369290, at *3 (W.D.N.C. Jan. 22, 2020). As such, the Court considers Defendant's Motion under Rule 12(b)(1).

respond to Defendant's Motion. (Doc. No. 7.) On May 29, 2024, Plaintiff filed his *pro se* response, with accompanying attachments, providing additional factual background. (Doc. Nos. 8–9.) Plaintiff claims when he posted the mathematical equation "141/6 = 23.5" on his X and Instagram profiles, "a Common Law Copyright Notice was given." (Doc. No. 8, p. 1.) Plaintiff alleges the September 2023 NC Mega Millions Lottery was changed to $141 million "a day after [he] posted the equation" and the November 2023 NC Powerball Lottery "attempted to reproduce the second half of [his] equation" at the amount of $235 million. (Id. at 2.) Plaintiff alleges he is "the Sole Proprietor of the 141/6 = 23.5 equation itself being one of [his] original works released as 141 Shine." (Id.) Further, Plaintiff claims "[t]he 141/6 = 23.5 equation does not pertain to anybody or anything else but [him] as an artist 141 Shine and THE141CLUB LLC." (Id.) Plaintiff argues "[i]t looks as if the NC Lottery Company saw [his] equation first, via social media, and then attempted to reproduce it making it Copyright Infringement." (Id.) On July 2, 2024, Plaintiff also filed an exhibit in support of his response. (Doc. No. 10.)

## STANDARD OF REVIEW

"When considering a motion to dismiss involving *pro se* parties, the court construes the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity." Brown v. Charlotte Rentals LLC, No. 3:15-cv-0043-FDW-DCK, 2015 WL 4557368, at *2 (W.D.N.C. Jul. 28, 2015) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). Pro se complaints are held to a less stringent standard than those drafted by attorneys. Gordon, 574 F.2d at 1151. As such, a federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Even when a *pro se* complaint "is not entirely clear, due to [her] pro se status, it must be read generously." Keene v. Thompson, 232 F. Supp. 2d 574, 578 (M.D.N.C. 2002). At

the same time, though, the Court should not "assume the role of advocate for the pro se plaintiff." Gordon, 574 F.2d at 1151 (quotations omitted).

When a defendant moves to dismiss a complaint under Rule 12(b)(1) and 12(b)(6), the court should first address the motion under 12(b)(1). See Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 483 (4th Cir. 2005). If the court finds the complaint must be dismissed for lack of subject matter jurisdiction, it should decline to address the other arguments in the motion. Id. ("Only if the Eleventh Amendment does not bar these claims shall we proceed to determine whether the allegations in [the] complaint state claims for relief . . . ."); see also Arbaugh v. Y&H Corp., 546 U.S. 500, 502 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

## ANALYSIS

### A. 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction

"A motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) 'addresses whether [the plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of his claim.'" Starr Indem. & Liab. Co. v. United States, No. CCB-18-3326, 2019 WL 4305529, at *2 (D. Md. Sept. 11, 2019) (citing Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452 (4th Cir. 2012)). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). "The existence of subject matter jurisdiction is a threshold issue, which [courts] must address before addressing the merits [of a plaintiff's claim]." Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). Dismissal for lack of subject matter jurisdiction "'must be one without prejudice, because a court that

4

lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.'" Adams Outdoor Advert. Ltd. P'ship v. Beaufort Cnty., 105 F.4th 554, 566 (4th Cir. 2024) (citing S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013)); see also Lancaster v. Sec'y of the Navy, 109 F.4th 283, 295 (4th Cir. 2024) (explaining dismissal without prejudice is proper where defendants are entitled to sovereign immunity).

When a defendant argues lack of subject matter jurisdiction, the court affords the plaintiff the same procedural protection as under a Rule 12(b)(6) motion to dismiss. Maryland Shall Issue, Inc. v. Hogan, 963 F.3d 356, 361 (4th Cir. 2020). The court must accept the facts alleged in the complaint as true, "and the defendant's challenge must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Beck v. McDonald, 848 F.3d 262, 270 (4th Cir. 2017) (citing Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009)). Furthermore, when reviewing a motion to dismiss for lack of subject matter jurisdiction, the court may consider the pleadings, and the facts and documents found therein, as evidence on the issue without converting the motion to one for summary judgment. In re KBR, Inc., Burn Pit Litig., 744 F.3d 326, 333 (4th Cir. 2014). Importantly, the plaintiff has the burden of proving subject matter jurisdiction on a motion to dismiss. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

The Eleventh Amendment protects state agents and instrumentalities from suit, "meaning that it protects 'arm[s] of the State' and State officials." Bland v. Roberts, 730 F.3d 368, 389–90 (4th Cir. 2013) (citing Mt. Healthy City Sch. Dist. Bd. Of Educ. V. Doyle, 429 U.S. 274, 280 (1977)). "'[S]overeign immunity deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction.'" Cunningham v. Gen. Dynamics Info. Tech., Inc., 888 F.3d 640, 649 (4th Cir. 2018) (citing Ackerson v. Bean Dredging LLC, 589 F.3d 196, 207 (5th Cir. 2009)). "The plaintiff bears

the burden of showing that the government has waived sovereign immunity at the motion to dismiss stage." Robinson v. United States Dept. of Educ., 917 F.3d 799, 802 (4th Cir. 2019).

While the Fourth Circuit has not directly addressed whether a state lottery receives sovereign immunity, the Fourth Circuit uses the arm-of-the-state test to determine if an entity is "truly subject to sufficient state control to render [it] a part of the state." United States ex rel. Oberg v. Ky. Higher Educ. Student Loan Corp., 681 F.3d 575, 579 (4th Cir. 2012). This test uses four factors, which are non-exclusive: 1) whether any judgment against the defendant will be paid by the state; 2) the degree of autonomy exercised by the entity, including who appoints the entity's directors or officers, who funds the entity, and whether the state retains a veto over the entity's actions; 3) whether the entity is involved with state concerns as distinct from non-state concerns, including local concerns; and 4) how the entity is treated under state law, such as whether the entity's relationship with the state is sufficiently close to make it an arm of the state. Singleton v. Maryland Tech. and Dev. Corp., 103 F.4th 1042, 1048 (4th Cir. 2024). "'[T]he most important consideration is whether the state treasury will be responsible for paying any judgment that might be awarded.'" Hutto v. S.C. Ret. Sys., 773 F.3d 536, 543 (4th Cir. 2014) (citing Ram Ditta By and Through Ram Ditta v. Maryland Nat. Cap. Park and Plan. Com'n, 822 F.2d 456, 457 (4th Cir. 1987)).

A fellow district court within the Fourth Circuit determined when a state lottery commission is created by the state legislature and is controlled, owned, and operated by the state, it is considered an agency of the state for Eleventh Amendment purposes. WV Ass'n of Club Owners & Fraternal Servs. v. W. Va. State Lottery Comm'n, No. 2:07-cv-00122, 2007 WL 9717800, at *1 (S.D.W. Va. Aug. 20, 2007). The North Carolina State Lottery Commission ("the Commission") was created "to establish and oversee the operation of a Lottery." N.C. Gen. Stat.

§ 18C-110. The Commission is "located in the Department of Commerce for budgetary purposes only" and is otherwise "an independent, self-supporting, and revenue-raising agency of the State." Id. The North Carolina State Lottery Fund "is created within the State treasury" and "is appropriated to the Commission and may be expended without further action of the [North Carolina] General Assembly for the purposes of operating the Commission and the lottery games." N.C. Gen. Stat. § 18C-160.

Here, Defendant has sovereign immunity under the Eleventh Amendment. Using the arm-of-the-state test, the Court determines Defendant is subject to sufficient state control so that it is rendered part of the state. The North Carolina State Lottery Fund "is created within the State treasury" and "is appropriated to the Commission and may be expended without further action of the [North Carolina] General Assembly for the purposes of operating the Commission and the lottery games." N.C. Gen. Stat. § 18C-160. Also, the Commission is "located in the Department of Commerce for budgetary purposes . . . ." N.C. Gen. Stat. § 18C-110. Also, the Commission was created "to establish and oversee the operation of a Lottery[,]" id., and as stated above the North Carolina State Lottery Fund "is created within the State treasury[." N.C. Gen. Stat. § 18C-160. As such, Defendant's funds are sourced from the state's treasury. In considering the factors of the arm-of-the-state test, and focusing especially on whether the state treasury is responsible for paying any judgment Plaintiff might be awarded, the Court finds Defendant has sovereign immunity pursuant to the Eleventh Amendment.

Therefore, the Court determines at this threshold level inquiry, there is no subject-matter jurisdiction and the Court will dismiss Plaintiff's Complaint without prejudice.

### B. 12(b)(6) Motion to Dismiss for Failure to State a Claim and 12(b)(5) Insufficient Service of Process

Since the Court is dismissing Plaintiff's Complaint under Rule 12(b)(1), the Court does not

address Defendant's argument for dismissal under Rule 12(b)(6) and the Court also does not address Defendant's alternative argument to strike Plaintiff's proof of service under Rule 12(b)(5).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, (Doc. No. 5), is **GRANTED** and Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED WITHOUT PREJUDICE**. The Clerk is respectfully directed to **CLOSE THIS CASE**.

**IT IS SO ORDERED**.

Signed: October 28, 2024

_____
Frank D. Whitney
United States District Judge